IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bridgewater Dairy, LLC, et al.,           Case No. 3:07 CV 104

                                               MEMORANDUM OPINION
               Plaintiffs,                AND ORDER

            -vs-                             JUDGE JACK ZOUHARY

United States Department of Agriculture,

               Defendant.

       The International Dairy Foods Association (IDFA) seeks to intervene pursuant to Federal Civil Rule 24(a) and (b) for the purpose of opposing Plaintiffs' Motion for a Preliminary Injunction (Doc. No. 3). According to IDFA, "as the purchasers of milk under the federal milk marketing orders, [they] have a critical interest in this action." Defendant and all existing intervenors consent to IDFA's intervention, but Plaintiffs do not. Under Rule 24, the Court may grant the Motion to Intervene either as a matter of right under 24(a) or, alternatively, permit the absentee State to intervene under Rule 24(b).

       Rule 24(a) permits intervention upon timely application: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the action and is so situated that the disposition of the action may impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

       IDFA does not qualify under Subsection (1); our focus is on Subsection (2).

The Sixth Circuit has interpreted Rule 24(a) to require the applicant to satisfy four elements: (1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the Court. *Northeast Ohio Coalition for Homeless and Service Employees Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).

While this Court recognizes that the challenged regulation affects the amount of money IDFA's handlers may retain to pay for costs of producing dairy products and the amount they pay in regulated prices, IDFA does not satisfy all the elements for intervention as a matter of right. IDFA makes no showing how the current Defendant and Intervenors inadequately represent their interests in this matter. While IDFA is only required to show that other parties' representation of its interest "may be" inadequate, IDFA fails to show any grounds for why they believe the representation is inadequate, nor do they indicate they will make different arguments or seek a different outcome. *Northeast Ohio Coalition*, 467 F.3d, 1008; *Michigan State AFL-CIO*, 103 F.3d, 1247-48. While IDFA has a pecuniary interest in the proceedings, it is in its words, essentially "defending the actions of the Secretary [of Agriculture] against the plaintiffs' attacks" (IDFA's Mot. Intervene 5). The Department of Agriculture is competent to defend its own actions and decisions. As for IDFA's pecuniary interests, IDFA has not indicated how the existing intervenors, who also include handlers, will not adequately represent its interests as well.

For the reasons stated above, IDFA does not have a right to intervene under Rule 24(a).

Permissive intervention under Rule 24(b) may be permitted, upon timely application, "when an applicant's claim or defense and the main action have a question of law or fact in common ···· In

exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

"To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL-CIO*, 103 F.3d, 1248).

IDFA may have made a timely Motion to Intervene and allege common questions of law and fact, but the Court, in its discretion, believes relevant factors such as prejudice to Plaintiffs and the existing Defendant and Intervenors' ability to represent IDFA's interests weigh in favor of denying IDFA's Motion. IDFA indicates that it will abide by the current briefing schedule and therefore will not cause undue delay, but another set of briefs by an intervenor (not advancing different arguments or seeking a different outcome) will cause Plaintiffs to respond to another set of briefs during an abbreviated briefing schedule that was agreed upon early on. On balance, and in light of the adequacy of existing parties, the arguments IDFA wishes the Court to consider, which are not duplicative, can be made in an amicus brief.

Therefore, IDFA's Motion to Intervene (Doc No. 21) is denied.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              January 31, 2007